**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL LEE HACKNEY,
Plaintiff-Appellant,

v.

No. 97-2055

WILLIAM PERRY, Secretary of
Defense,
Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CA-95-418-3)

Submitted: October 27, 1998

Decided: November 18, 1998

Before WILKINS, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Theodore R. Dues, Jr., THEODORE R. DUES, JR., L.C., Charleston,
West Virginia, for Appellant. Rebecca A. Betts, United States Attor-
ney, Michael L. Keller, Assistant United States Attorney, Charleston,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Lee Hackney appeals from the district court's order adopting the magistrate judge's recommendation to grant summary judgment to his employer, William Perry, Secretary of Defense, in his age discrimination action. We affirm.

At the time Hackney initiated this litigation, the Defense Logistics Agency ("the Agency"), United States Department of Defense, employed him as a civilian employee. Hackney served as a GS-11 Quality Assurance Specialist assigned to a government contractor in Huntington, West Virginia.

In 1991, the Agency published a "Job Opportunity Announcement" with regard to a proposed new position. The announcement indicated that applications would be accepted between October 21, 1991, and November 6, 1991, for the position of "Quality Assurance Specialist (Mechanical) GS-1910-11 Target Quality Assurance (Nuclear) GS-1910-12." Hackney filed an application for the position because it "provided a promotional opportunity" for him and he met the qualifications specified in the announcement.

In early November 1991, however, the Agency canceled the position announcement. The Agency decided to fill the position by the lateral transfer of another Agency employee, James M. Connett. At the time of the transfer, Connett was employed as a GS-12 at a Marysville, Ohio, duty station that was about to close due to the loss of a government contract. Thus, he was actively seeking placement with the Agency by lateral transfer or reassignment. Because Connett was already serving at the GS-12 grade level and his transfer did not involve a promotion, competitive selection was neither required nor utilized in awarding the position.

2

At the time that Connett started his position in Huntington, he was 38 years old; Hackney was 48 years old.**1**  When Hackney learned that the position had been filled with someone less than 40 years old, he initiated grievance proceedings with the Agency and subsequently with the Equal Employment Opportunity Commission (EEOC). After the EEOC rejected his complaint, Hackney initiated a civil action in district court alleging that he was not selected to fill a position with the Agency for which he applied because of his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. §§ 621-633a (West 1994 & Supp. 1998).**2**

This matter was referred to a magistrate judge who recommended granting the Defendant's motion for summary judgment because Hackney did not establish a prima facie case of age discrimination. After conducting a de novo review of the magistrate judge's report and recommendation, the district court adopted the recommendation and entered an order granting summary judgment to the Defendant.

On appeal, Hackney claims the district court erred by granting summary judgment to the Defendant because material issues of fact existed between the parties and because the court was incapable of determining as a matter of law whether Connett was qualified for the position.

To recover under the ADEA, a plaintiff must prove that, "but for the employer's motive to discriminate against the employee because of the employee's age, the employee would not have suffered the [unfavorable employment] action." Tuck v. Henkel Corp., 973 F.2d 371, 374 (4th Cir. 1992). A plaintiff may prove his case by either

_____

**1** While the parties dispute the date the position was filled, the date is irrelevant to the resolution of this appeal.

**2** As the district court noted, while a separate provision of the ADEA, 29 U.S.C.A. § 633a (West Supp. 1998), applies to the federal government, prohibiting the government from discriminating "based on age" in any personnel action, the courts have, without discussion of the differences, applied the same substantive law to cases against both private employers and the federal government. See, e.g. , Proud v. Stone, 945 F.2d 796, 797-98 (4th Cir. 1991); Yudovich v. Stone, 839 F. Supp. 382, 392 (E.D. Va. 1993).

direct or indirect evidence or by using the proof scheme originally formulated for Title VII cases. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 239 (4th Cir. 1982) (adapting the McDonnell Douglas scheme for ADEA cases). In resisting the Defendant's motion for summary judgment, Hackney relied on the judicially created proof scheme established in McDonnell Douglas.

Under this scheme, a plaintiff is first required to establish by a preponderance of the evidence a prima facie case of age discrimination. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993). Establishment of a prima facie case raises a presumption of discriminatory motive, and the burden of production shifts to the defendant to advance a legitimate non-discriminatory reason for the employment action. See id. at 506-07. Once this burden is met by the defendant, the presumption vanishes, and the burden shifts back to the plaintiff to show that the given reason was just a pretext for discrimination. See id. at 511. The plaintiff bears the ultimate burden of proving that the employer intentionally discriminated against him. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 959 (4th Cir. 1996). We find that Hackney failed to establish a prima facie case of age discrimination under McDonnell Douglas.

To demonstrate a prima facie case of discrimination, a plaintiff in Hackney's situation must show by a preponderance of the evidence that: (1) he is a member of a protected class, i.e., at least 40 years old; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. See Carter v. Ball, 33 F.3d 450, 458 (4th Cir. 1994); E.E.O.C. v. Clay Printing Co., 955 F.2d 938, 941 (4th Cir. 1992). If a plaintiff can meet his burden of proving each element, an inference of discrimination arises. See Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995). Although Hackney established all the other elements of a prima facie case, he failed to show that his application was "rejected."

The undisputed evidence shows that the announcement was canceled and that competitive selection was not undertaken in filling the position. In an affidavit accompanying Defendant's motion for summary judgment, the Personnel Management Specialist with the

4

Agency states that the announcement was canceled and the vacant position was filled, in conformity with established Agency policy, by the lateral transfer of Connett. See Woodard v. Lehman, 717 F.2d 909, 917 (4th Cir. 1983). Because the lateral transfer did not involve a promotion for Connett, competitive selection was not required. Thus, Hackney's application was not considered, and thus, he was not rejected within the meaning of McDonnell Douglas .

Although on appeal Hackney disputes the qualification of Connett, the undisputed evidence shows that the job announcement was canceled and the position filled by a lateral transfer without competitive selection. Whether Connett was qualified for the position is irrelevant to Hackney's burden of establishing a prima facie case of age discrimination. Hackney has not provided any evidence that his application was considered and rejected. "[W]ith respect to an issue on which the nonmoving party bears the burden of proof," such as establishing all the elements of a prima facie case, the burden on a party seeking summary judgment may be satisfied by showing that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). By showing that the evidence failed to support a prima facie case of age discrimination, the Defendant satisfied his burden for being granted summary judgment.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5